[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 137)
The plaintiff, Marlene Masik, was injured in a motor vehicle accident when she was struck from behind by a car owned by the defendant, John Costa. The third count of the amended complaint, dated August 4, 1998, alleges two claims against the defendant, American Home Assurance Company for failure to pay uninsured motorist benefits to the plaintiff. The third count alleges that the defendant breached its implied covenant of good faith and fair dealing. The third count further alleges a violation of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-815 et seq.
The defendant has moved for summary judgment on count three of the amended complaint on the ground that the claims alleged are legally insufficient. The defendant has filed a memorandum in support of its motion for summary judgment, and the plaintiff has filed a memorandum in opposition thereto. Both parties have submitted reply memoranda.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v. St. Vincent's Medical Center,252 Conn. 363, 368, 746 A.2d 753 (2000). "Summary judgment may not be granted only as to part of one count of a complaint. . . .
"Connecticut does not have a procedure for rendering judgment for a defendant on part of a count of a complaint. . . . There is no rule which allows a defendant to obtain summary judgment as to one or more, but not all, of the claims . . . made in a single count." (Citations omitted; internal quotation marks omitted.) Fredericks v. Fortin, Superior Court, judicial district of New Haven at New Haven, Docket No 282910 (October 2, 1995, Gray, J.).[1] "The office of a motion for summary judgment is CT Page 11558 not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues. . . . Nevertheless, the Supreme Court has allowed the legal sufficiency of a cause of action to be determined on a motion for summary judgment when the pleadings show that there is no genuine issue of fact and the complaint fails to state a cause of action. . . . In such circumstances, the motion for summary judgment is treated as if it were a properly presented motion to strike." (Citations omitted; internal quotation marks omitted.) Murphy v.LaChapell, Superior Court, judicial district of Waterbury, Docket No. 142410 (May 23, 1999, Pellegrino, J.) (24 Conn.L.Rptr. 567). "However, the motion should only be granted if it meets the standard for a motion for summary judgment, not for a motion to strike." (Internal quotation marks omitted.) Truglio v. Hayes Construction, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 064191 (March 21, 2000, Nadeau, J.).
In the present case, the defendant argues that the plaintiff's claim of bad faith, or breach of the covenant of good faith and fair dealing is legally insufficient because it does not contain an allegation of a dishonest purpose. In response, the plaintiff argues that the claim is for breach of the implied covenant of good faith and fair dealing and for violations of CUIPA. The plaintiff further contends that the third count alleges in paragraphs fourteen and fifteen that the defendant's actions amounted to bad faith.
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. . . . Bad faith means more than mere negligence; it involves a dishonest purpose." (Citations omitted; internal quotation marks omitted.) Gaudio v. GriffinHealth Services Corp., 249 Conn. 523, 564, 733 A.2d 197 (1999). "Bad faith in general implies both actual and constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." (Internal quotation marks omitted.) Habetz v. Condon, 224 Conn. 231,237, 618 A.2d 501 (1992)." [A]n insurer who acts unreasonably and in bad faith by withholding insurance benefits may be liable in tort. Yet, only if the insured sues for punitive damages must the tortious conduct be alleged in terms of wanton and malicious injury, evil motive and violence and outrageous conduct. See L. F. Race Sons, Inc. v. TravelersIndemnity Co., 9 Conn. App. 30, 48, [514 A.2d 766] (1986). Allegations that do not reach to this level of extreme conduct are still viable for compensatory damages and will survive a motion to strike as long as the complaint alleges more than the fact that the defendant failed to pay the claim. See Burnside v. Nationwide Mutual Ins. Co., Superior Court, CT Page 11559 judicial district of Fairfield at Bridgeport, Docket No. 343068 (September 18, 1997, Melville, J.) (complaint alleging that defendant refused to enter into good faith settlement negotiations, forced the plaintiff to institute litigation to collect their insurance and failed to reasonably investigate the plaintiffs' claim survives a motion to strike)." Hennessey v. The Travelers Property Casualty Ins. Co., Superior Court, judicial district of Danbury, Docket No. 332786 (April 14, 1999,Moraghan, J.) (24 Conn.L.Rptr. 368, 369).
In the present case, the third count alleges that the plaintiff was covered by uninsured motorist benefits through the defendant. The third count further alleges that the defendant failed or refused to compensate the plaintiff fairly and adequately, and that the defendant acted in bad faith when it refused to effectuate a prompt, fair and equitable settlement. These factual allegations are legally sufficient to maintain a cause of action for a breach of good faith and fair dealing. SeeMetropolitan Life Ins. Co. v. Aetna Casualty Surety Co., 249 Conn. 36,55-56, 730 A.2d 51 (1999). Moreover, it is not apparent on the face of the pleadings that there is no genuine issue of material fact. Accordingly, given that one of the plaintiff's claims in count three is legally sufficient, the defendant's motion for summary judgment must fail.
Therefore, the defendant's motion for summary judgment as to the third count of the plaintiff's amended complaint dated August 4, 1998 is denied.
SKOLNICK, J.